BENJAMIN B. WAGNER
United States Attorney
RUSSELL L. CARLBERG
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

ANNA TRYON PLETCHER
TAI S. MILDER
RICHARD B. COHEN
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

FILED

JUL 13 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,          )
                                   )    No. 2: 11 CR 00292 WBS
            Plaintiff,             )
                                   )
      v.                           )
                                   )    PLEA and COOPERATION AGREEMENT
ROBERT ROSE,                       )
                                   )
            Defendant.             )
_____)

I.

INTRODUCTION

A. **Scope of Agreement:** The Information to be filed in this case charges the defendant, ROBERT ROSE, with one count of participating in a conspiracy to suppress and restrain competition by rigging bids to obtain selected real estate

1

offered at San Joaquin County, California public real estate auctions in the Eastern District of California in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, 15 U.S.C. § 1, and with one count of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. This document contains the complete Plea and Cooperation Agreement between the United States Attorney's Office for the Eastern District of California and the United States Department of Justice, Antitrust Division (collectively the "government"), and the defendant regarding this case. This Plea and Cooperation Agreement is limited to the United States Attorney's Office for the Eastern District of California and the United States Department of Justice, Antitrust Division, and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B. **Court Not a Party:** The Court is not a party to this Plea and Cooperation Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate, up to and including the statutory maximum stated in this Plea and Cooperation Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations

under this Plea and Cooperation Agreement. The defendant understands that neither the government, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.

### DEFENDANT'S OBLIGATIONS

A. **Waiver of Indictment and Guilty Plea:** The defendant will waive indictment by grand jury, waive venue, and plead guilty to a two-count Information, substantially in the form attached hereto as Exhibit B, charging him with conspiring to rig bids in violation of 15 U.S.C. § 1 and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. The defendant agrees that he is, in fact, guilty of those charges and that the facts set forth in the Factual Basis attached hereto as Exhibit A are true and accurate.

B. **Restitution:** The Mandatory Victim Restitution Act requires the Court to order restitution to the victims of certain offenses. Payment should be made at such times and in such amounts as ordered by the Court, and should be by cashier's or certified check made payable to the Clerk of the Court. The government and defendant agree to recommend that the Court order defendant to pay restitution in the amount of $24,000. The defendant understands that this Plea and Cooperation Agreement is voidable by the government if he fails to pay the restitution as ordered by the Court. Defendant further agrees that he will not

seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding.

C. **Special Assessment:** The defendant agrees to pay a special assessment of $100 for each count (total of $200) immediately before the sentencing hearing by delivering a check or money order to the United States Probation Office payable to the United States District Court.

D. **Agreement to Cooperate:** The defendant agrees to cooperate fully with the government and any other federal, state, or local law enforcement agency, as directed by the government. As used in this Agreement, "cooperation" requires the defendant: (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false, misleading, or materially incomplete, or if the defendant otherwise violates this Plea and Cooperation Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea and Cooperation Agreement will be under a preponderance-of-the-evidence standard. If the defendant violates the Plea and Cooperation Agreement, he shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any

prosecutions that are not time-barred as of the date of this Agreement.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw his plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

E.  Payment of Fine: The defendant agrees to pay a criminal fine of $20,000 if so ordered by the Court. Defendant understands that the criminal fine ordered by the Court may be based upon the defendant's ability to pay a criminal fine in addition to restitution as agreed upon and set forth in this Plea and Cooperation Agreement and as determined by the United States Probation Office. The government's recommendation with respect

to any such criminal fine is set forth in paragraph III. D. of this Plea and Cooperation Agreement.

## III.

### THE GOVERNMENT'S OBLIGATIONS

A. **Incarceration Range:** The government will recommend that the defendant be sentenced to the bottom of the applicable Guidelines range for his offense, as determined by the United States Probation Office.

B. **Acceptance of Responsibility:** The government agrees that a two-level reduction in defendant's offense level for his full and clear demonstration of acceptance of responsibility is appropriate under United States Sentencing Guidelines (U.S.S.G.) § 3E1.1, will not oppose such a reduction, and will so move under § 3E1.1, so long as the defendant pleads guilty, meets with and assists the probation officer in the preparation of the pre-sentence report, is truthful and candid with the probation officer and the Court, and does not otherwise engage in conduct that constitutes obstruction of justice within the meaning of U.S.S.G. § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

C. **Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be reduced to reflect his substantial assistance to the government in the investigation and prosecution of others, pursuant to U.S.S.G. § 5K1.1. The

defendant understands that he must comply with paragraph II. D. of this Plea and Cooperation Agreement. The defendant understands that the government's recommended reduction in his sentence will depend upon the level of assistance the government determines that the defendant has provided. The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court.

Other than as set forth above, the government agrees that any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range in his case, pursuant to U.S.S.G. § 1B1.8.

**D. Fine:** The government agrees to recommend that the defendant be ordered to pay a fine of $20,000, pursuant to U.S.S.G. § 2R1.1(c)(1), or other amount as recommended by the United States Probation Office.

**E. Other Administrative Action:** The defendant understands that he may be subject to administrative action by federal or state agencies other than the United States Attorney's Office and United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the United States agrees that, if requested, it will advise appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a

matter for that agency to consider before determining what administrative action, if any, to take.

## IV.

### ELEMENTS OF THE OFFENSE

Had this case gone to trial, the government would have to prove beyond a reasonable doubt the following elements:

For Count One, Sherman Act:

First, that the defendant entered into a conspiracy;

Second, that the conspiracy was an unreasonable restraint of trade; and

Third, that the conspiracy was in or affected interstate commerce in the United States.

For Count Two, Conspiracy to Commit Mail Fraud:

First, that the defendant knowingly devised or participated in a conspiracy to defraud or to obtain money or property by means of materially false pretenses, representations, or promises;

Second, the defendant knew that the scheme was deceptive or that the pretenses, representations, or promises were false;

Third, that the defendant did so with the intent to defraud; and

Fourth, for the purpose of carrying out the scheme or attempting to do so, the defendant knowingly used and caused to be used the United States mails or private or commercial carrier in the manner charged.

V.

MAXIMUM SENTENCE

A. **Maximum Penalty:** For Count One, the maximum sentence the Court can impose for a violation of 15 U.S.C. § 1 is ten years incarceration; a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain the conspirators derived from the crime, or (3) twice the gross pecuniary loss caused to the victims of the crime by the conspirators; a three-year period of supervised release; and a special assessment of $100. For Count Two, the maximum sentence the Court can impose for a violation of 18 U.S.C. § 1349 is 30 years incarceration; a fine of $1,000,000; a five-year period of supervised release; and a special assessment of $100.

B. **Violations of Supervised Release:** The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years of imprisonment.

VI.

SENTENCING DETERMINATION

A. **Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and

<u>United States v. Fanfan</u>, 543 U.S. 220, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory Guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the Guideline sentencing range (either above or below the Guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

   B.  **Stipulations Affecting Guidelines Calculations:** The government and the defendant agree that there is no material dispute as to the following Sentencing Guidelines variables and therefore stipulate and agree to the following:

For Count One:

| | | |
|---|---|---|
| § 2R1.1(a) | Base Offense Level | 12 |
| (b)(1) | Bid Rigging | +1 |
| (b)(2)(A) | Volume of commerce | +2 |
| | Total | 15 |
| (c)(1) | Fine 1 - 5% of $1.132 million | |

For Count Two:

      § 2B1.1(a)(1)   Base Offense Level        7

          (b)(1)(D)   Loss > $10,000        +4

                     Total               11

The Guidelines calculation results in an offense level of 15, for a jail term of 18 to 24 months and a fine between $11,320 and $56,660.

     1. **Acceptance of Responsibility:** Pursuant to § 3E1.1 and as described in more detail in paragraph III. B. above, the defendant's total offense level is decreased by two levels because of his acceptance of responsibility. The Adjusted Total Offense Level is therefore 13.

     2. **Criminal History:** The parties agree that the defendant's criminal history is to be determined by the United States Probation Office.

     3. **Departures or Other Enhancements or Reductions:** The parties stipulate and agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments, departures, or cross-references, other than those contemplated in the foregoing stipulations. Defense counsel may argue for a variance or deviation from the Sentencing Guidelines under 18 U.S.C. § 3553(a). The government reserves its right to oppose such deviation or variance. If either party breaches this provision, the other party shall be relieved of all of its obligations under this Plea and Cooperation Agreement.

## VII.

## WAIVERS

A.  **Waiver of Constitutional Rights:**  The defendant understands that by pleading guilty he is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

B.  **Waiver of Appeal and Collateral Attack:**  The defendant understands that the law gives him a right to appeal his conviction and sentence.  He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court, consistent with the stipulations set forth above about the Sentencing Guidelines variables.

Regardless of the sentence he receives, the defendant also gives up any right he may have to bring a post-appeal attack on his conviction or his sentence.  He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

If the defendant ever attempts to vacate his plea, dismiss

13

the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right to: (1) prosecute the defendant on any of the counts to which he pleaded guilty; (2) reinstate any counts that may be dismissed pursuant to this Plea and Cooperation Agreement; and (3) file any new charges that would otherwise be barred by this Plea and Cooperation Agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office and the Department of Justice, Antitrust Division. By signing this Plea and Cooperation Agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such counts, including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

C. **Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

\\

\\

14

## VIII.

## ENTIRE PLEA AND COOPERATION AGREEMENT

Other than this Plea and Cooperation Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the government.

## IX.

## APPROVALS AND SIGNATURES

A. **Defense Counsel:** I have read this Plea and Cooperation Agreement and have discussed it fully with my client. The Plea and Cooperation Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Plea and Cooperation Agreement.

DATED: 6-24-11                  /s/ Ismail J. Ramsey /MKP
                                ISMAIL RAMSEY
                                Attorney for Defendant

B. **Defendant:** I have read this Plea and Cooperation Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or

inducements have been made to me, other than those contained in this Plea and Cooperation Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea and Cooperation Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 6-24-2011

ROBERT ROBE

C. Attorneys for the Government: The undersigned accept and agree to this Plea and Cooperation Agreement on behalf of the government:

DATED: July 11, 2011

BENJAMIN B. WAGNER
United States Attorney

By: 

RUSSELL L. CARLBERG
Assistant U.S. Attorney

CHRISTINE A. VARNEY
Assistant Attorney General

By: 

ANNA TRYON PLETCHER
TAI S. MILDER
RICHARD B. COHEN
Trial Attorneys
U.S. Department of Justice
Antitrust Division

16

## EXHIBIT "A"

### Factual Basis for Plea

### Bid Rigging

At trial, the government would prove the following facts beyond a reasonable doubt:

Beginning in or about August 2009 and continuing until in or about October 2009 (relevant period), defendant participated in a conspiracy to rig bids at public real estate auctions held in San Joaquin County, California, located in the Eastern District of California. The primary purpose of this conspiracy was to suppress and restrain competition and obtain selected real estate offered at San Joaquin County public auctions at non-competitive prices. During the relevant period, defendant and his co-conspirators reached agreements not to bid against one another and to allocate properties among themselves. To carry out their agreements, defendant and his co-conspirators refrained from bidding or refrained from bidding up the price for auctioned properties. In many instances, defendant and his co-conspirators held private auctions, open only to members of the conspiracy, to rebid the property. Defendant and his co-conspirators awarded the property to the conspirators who submitted the highest bid at the private auctions. Defendant and his co-conspirators distributed the proceeds of the private auctions as payoffs to the other, unsuccessful bidders in the private auction, based upon a predetermined formula agreed upon by the members of the conspiracy, for refraining from bidding on the property at the public auction.

During the relevant period, the business activities of the defendant and co-conspirators were within the flow of, and substantially affected, interstate trade and commerce. For example, mortgage holders located in states other than California held mortgages, appointed trustees, and received proceeds from the public auctions that were subject to the bid-rigging agreement.

### Conspiracy to Commit Mail Fraud

Beginning in or about August 2009 and continuing until in or about October 2009 (relevant period), defendant knowingly devised or participated in a conspiracy to defraud or to obtain money or property by means of materially false pretenses, representations, or promises from the mortgage holders and owners of properties that were being sold at public real estate foreclosure auctions in the Eastern District of California. That conspiracy to

defraud consisted of suppressing competition at the public auction of properties by agreeing not to bid against one another at the public auction, by acquiring the property at a lower price than would have resulted from a fully competitive auction, and by holding a second, private auction and dividing the profits of the scheme (the difference between the public and private auction prices) among themselves. In other words, the participants intentionally manipulated the sales price of properties, causing false, artificially low sales prices to be reported and paid to victims of the scheme.

The defendant and others, for the purpose of executing the conspiracy described above and attempting to do so, knowingly used and caused to be used the United States mails or private or commercial carrier. For example, trustees and government agencies used the United States mail to transmit grant deeds and other title documents to participants in the conspiracy to defraud. These mailings were foreseeable to defendant in the ordinary course of business.